[Cite as *State v. Hannah*, 2016-Ohio-35.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26651 |
| | : | |
| v. | : | Trial Court Case No. 2001-CR-607/3 |
| | : | |
| TIMOTHY HANNAH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of January, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by DYLAN SMEARCHECK, Atty. Reg. No. 0085249, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

TIMOTHY HANNAH, #418-860, Southeast Correctional Institution, Post Office Box 59, Nelsonville, Ohio 45764
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1} Timothy Hannah appeals pro se from the trial court's denial of his post-

conviction motion for relief from an allegedly void judgment.

{¶ 2} In his sole assignment of error, Hannah argues that his convictions for murder, felonious assault, possessing a firearm in a liquor-permit establishment, and firearm specifications are void ab initio based on claimed irregularities in the transfer of his case from one judge to another.

{¶ 3} The record reflects that a jury convicted Hannah of the foregoing charges in December 2001. In January 2002, the trial court imposed an aggregate prison sentence of 40 years to life. In October 2003, this court affirmed on direct appeal, overruling five assignments of error. In 2010, Hannah was brought back to court to correct an error in the imposition of post-release control and a defect regarding the manner of his conviction. On July 1, 2010, the trial court filed an amended termination entry that imposed the same prison sentence. Hannah appealed from his resentencing, and this court affirmed.

{¶ 4} In February 2015, Hannah filed his pro se motion for relief from an allegedly void judgment. He argued that the trial court lacked "jurisdiction" to preside over his original criminal case. In support, he asserted that the record lacked properly journalized orders transferring his case between judges, that the record lacked reasons for the transfers, that there was no record of him consenting to the transfers, and that there was nothing in the record establishing the transferee judge's familiarity with his case. Hannah maintained that the foregoing alleged defects rendered his convictions and sentences void. (Doc. #15).

{¶ 5} The trial court overruled Hannah's motion in a written decision, order, and entry. (Doc. #16). It reasoned that the common pleas court had jurisdiction over Hannah's

felony case once an indictment was returned. With regard to the assignment of particular judges, the trial court held that any procedural defect in the transfer of an assigned case is waived if no timely objection is made. The trial court noted that Judge Petzold was the assigned judge throughout the proceedings below and that other judges had signed documents on his behalf. The trial court also noted that the case was tried by Judge Yarbrough, a visiting judge, but that the record lacked an entry transferring or assigning the case to Judge Yarbrough. The trial court found, however, that any argument relating to Judge Yarbrough presiding over the trial and sentencing was waived because Hannah did not timely object. In this regard, the trial court found that the defects alleged by Hannah did not result in a void judgment. (*Id.* at 2-4).

{¶ 6} On appeal, Hannah focuses on the trial court's finding regarding the lack of a journalized entry transferring his case from Judge Petzold to Judge Yarbrough for trial and sentencing. (Appellant's brief at 1-3). He insists that this omission violated various rules and resulted in a void final judgment. (*Id.*). We disagree. This court addressed a similar issue in *State v. Stansell*, 2d Dist. Montgomery No. 23630, 2010-Ohio-5756. There the appellant claimed a visiting judge erroneously had presided over his retrial without a journalized referral in the docket. This court found no basis for reversal, noting that such procedural irregularities in the transfer of a case to a visiting judge render a resulting judgment voidable, not void. *Id.* at ¶ 28, citing *In re. J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, paragraph one of the syllabus. As a result, a defendant's failure to object at any stage of the trial proceedings constitutes waiver of the issue. *Id.* at ¶ 29.

{¶ 7} Here Hannah waited more than 13 years to raise his challenge to Judge Yarbrough presiding over his case. Based on the authority set forth above, we conclude

that the final judgment at issue is not void and that Hannah waived his ability to challenge the lack of an entry transferring the case to Judge Yarbrough. Accordingly, the assignment of error is overruled.

{¶ 8} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Dylan Smearcheck
Timothy Hannah
Hon. Mary K. Huffman